James M. Green (AZ Bar # 032211)
Quarracy L. Smith (AZ Bar # 032515)
**SMITH & GREEN**
Attorneys at Law, P.L.L.C.
3101 North Central Avenue
Suite 690
Phoenix, Arizona 85012
Telephone: (602) 812-4600
Email: jgreen@smithgreenlaw.com
Email: qsmith@smithgreenlaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sara Elia, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | (JURY TRIAL DEMANDED) |
| Fabiano Communications, Inc.; | |
| Defendant. | |

## NATURE OF THE ACTION

This is an action for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq* ("Title VII") against Fabiano Communications, Inc ("Defendant").

## JURISDICTION, PARTIES, AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §§ 2000e.

2.      All conditions precedent to jurisdiction under 42 U.S.C. §§ 2000e have been met. Plaintiff, Sara Elia, timely filed a charge of employment discrimination and retaliation

that alleged violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), with the U.S. Equal Employment Opportunity Commission ("EEOC"), identified by EEOC Charge No. 540-2017-02318. A copy of the charge of discrimination is attached as **Exhibit 1** and incorporated by reference herein.  Plaintiff submitted her EEOC charge within the statutory time limits and, upon request, received a notice of right to sue from EEOC on or about May 14, 2021. A copy of the notice of right to sue letter is attached as **Exhibit 2** and incorporated by reference herein.  This action has been commenced within ninety (90) days of Plaintiff's receipt of the notice of right to sue as to EEOC Charge No. 540-2017-02318.

3.     The named Defendant, by virtue of its own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County Arizona, as more particularly described herein, so as to give rise to both subject matter and personal jurisdiction of this Court.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

5.     Sara Elia ("Plaintiff" or "Mrs. Elia") is and was at all relevant times, a female, a citizen of the United States and a resident of Maricopa County, State of Arizona. Beginning on or about April 2017, and during the relevant time that followed, Mrs. Elia was employed by Brian Fabiano ("Mr. Fabiano") CEO and Owner of Fabiano Communications, Inc ("Defendant").

6.     At all relevant times, Defendant continuously did business in the State of

1 | Arizona, City of Scottsdale, and continuously had at least 15 employees.

2 | **FACTUAL ALLEGATIONS**

3 | 7.  Defendant hired Mrs. Elia as a Strategic Account Manager on or about April

4 | 2017, she was qualified for the position, and she remained in that position from her date of

5 | hire through May 30, 2017.

6 | 8.  At the time of Ms. Elia's hire, and for the duration of her employment with

7 | the Defendant, the Defendant did not maintain a handbook or company policy that addressed

8 | sexual harassment or any form of workplace discrimination, nor did the Defendant provide

9 | any form of sexual harassment training to its employees.

10 | 9.  Mr. Fabiano was the acting CEO and Owner through the entirety of Mrs.

11 | Elia's employment, and Mrs. Elia, as well as all other employees of Fabiano

12 | Communications, reported directly to Mr. Fabiano.

13 | 10.  As the owner and CEO, Mr. Fabiano was the highest-level company official

14 | and was the Defendant's proxy and alter ego for the purposes of establishing liability under

15 | Title VII.

16 | 11.  From April 2017 through the remainder of Mrs. Elia's employment with

17 | Defendant, Mr. Fabiano was lewd and aggressive in behavior and language choice, both in

18 | public and in private settings.

19 | 12.  Within two days of Mrs. Elia's employment with Defendant, Mr. Fabiano

20 | called Mrs. Elia into his office after she asked a question regarding work and began to

21 | question her credentials, competency, and professionalism, while using expletives and other

22 | inappropriate language, including, but not limited to, repeated use of the words "fuck" and

23 |

"fucking."

13.     Mrs. Elia stated that Mr. Fabiano's offensive sexually charged and discriminatory outbursts directed toward or about females were common, and often public, creating a humiliating atmosphere for employees.

14.     Mrs. Elia found Mr. Fabiano's conduct objectively offensive, unwelcome, and that it created a hostile work environment, so on May 26, 2017, Mrs. Elia detailed personal accounts of Mr. Fabiano's discriminatory conduct in a complaint sent directly to Mr. Fabiano in an email, which contained the following:

> •*Friday 5/26-asking that you please remember I am the only woman in the office when loudly shouting, "Look at those bitches right there [analytic numbers], that means those other mother fuckers can suck my dick." (Verbatim)*
>
> •*Tuesday 5/24-shouting throughout the office, "that's how you fucking do that shit bitches!" following the Mercer and Sun Health presentations. (Verbatim)*
>
> •*Thursday 5/11-while speaking to you alone in your office, your feedback about a website proof brought in by a coworker was that it's entirely too big, and followed up with, "what the fuck man...that thing is as long as my dick?!" (Verbatim)*
>
> •*Tuesday 5/2-alone in your office waiting until you've finished scrolling through online advertisements at your desk to ask a question, when a male coworker entered the office and you proceeded to describe how sexy the woman in the ad is, and the sexual feelings you have just looking at her. I uncomfortably responded by reminding you that those aren't things I'd like to hear from my own father, any more than I do my boss.*

15.     On Friday, May 26, 2017, Mrs. Elia detailed Mr. Fabiano's offensive comments and behavior in a verbal complaint to Warren Dubos, an agency accounting manager.

4

16.     The following business day, on Tuesday, May 30, 2017, Mr. Fabiano terminated Mrs. Elia's employment and stated that their relationship was "oil and water."

17.     On June 27, 2017, Mrs. Elia filed a Charge of Discrimination with the EEOC, alleging that she was discriminated against on the basis of her sex (female) and retaliated against for opposing Mr. Fabiano's discriminatory conduct.

18.     The EEOC conducted an investigation into the charge, which included interviews of witnesses, including an audio recorded interview of Mr. Fabiano.

19.     In the interview of Mr. Fabiano, conducted by EEOC Investigator Richard Ayala, on August 12, 2020, Mr. Fabiano admitted to using the words "fuck," "bitches," "dick," "motherfuckers," and "tits" in the workplace. Mr. Fabiano claimed throughout the interview that this type of language was necessary to "drive up the drama" that motivated his staff do the work they were assigned to do.

20.     When Mr. Fabiano was asked by Investigator Ayala if he ever used the phrase "my dick is hard" in the workplace, Mr. Fabiano responded that "if [he] was talking to a creative director that was another man's man that had that kind of vernacular and locker-room talk…yeah, that conversation could happen with [him]."

21.     Investigator asked Mr. Fabiano if he had spoken to his other employees about Mrs. Elia, before or after her termination, and he confirmed that he had. Furthermore, Defendant stated, "[Mrs. Elia] was crazy and evil and I had to get her out of the company."

22.     Mr. Fabiano claimed during his EEOC interview that he believed that there were some women in the creative department of the company; however, several witnesses interviewed by Investigator Ayala stated that women worked in the front of the office, while

5

the creative department was located in the back of the office and was comprised entirely of men. One witness advised Investigator Ayala that "Brian Fabiano would often state that there was a scientific study and proof that showed females were not as good in a creative environment than (sic) men." A redacted copy (redacted by EEOC) of Investigator Ayala's interview notes of witness interviews is attached as **Exhibit 3** and incorporated by reference herein.

23.     In an EEOC documented interview, conducted on or about August 24, 2018, Investigator Ayala interviewed a former Web Developer for the company. In the interview, the interviewee discussed that Mr. Fabiano often had outbursts of yelling and screaming, and when asked for examples he stated, "there are so many, so often that it's hard to say." The former employee also recalled an incident where Mr. Fabiano went into his office space and asked another employee to operate a remote-controlled robot for him. Mr. Fabiano asked his employee to send the robot into an office where a prospective female employee was being interviewed in order to get photos up her skirt from underneath.

24.     In one of the EEOC documented interviews, conducted on or about September 6, 2018, the male interviewee, a former Creative Director for the company, recalled an incident involving a female CEO who was a prospective client. Mr. Fabiano showed the prospective client the office and bragged about the diversity of his staff. When the female CEO stated that his team was not diverse because it lacked the presence of women, the interviewee recalled hearing Mr. Fabiano state that "there was scientific proof showing females are not as good in [a] creative environment [as] men." The witness heard Mr. Fabiano claim that "[w]omen are too emotional and can't take criticism too well." The

1  interviewee also recalled Mr. Fabiano discussing a model for an advertisement, with

2  numerous men and women in the company, and Mr. Fabiano stating "her tits are too big"

3  and "everyone would want to fuck her, we can't use her, we need someone who looks more

4  collegiate."

5      25.    In another EEOC documented interview performed on or about September

6  11, 2018, a former Senior Art Director, who was employed by Fabiano Communications,

7  Inc. for 4 or 5 years, stated that he often heard Mr. Fabiano refer to his spouse and daughter

8  as "bitches," and he would refer to female clients as "bitches" in meetings with male and

9  female employees present. The interviewee also recalled Mr. Fabiano stating that his

10  daughter was "too old" and that "when I hug her, I have to move my dick to the left, so I

11  don't ram it up against her pussy." The interviewee confirmed that no females were assigned

12  to the Creative Studio of the company, and that Mr. Fabiano stated he could not find any

13  females that performed at the level of males in the creative department.

14      26.    On or about March 31, 2020, the EEOC issued the determination based on

15  the evidence obtained during the investigation that there was reasonable cause to believe

16  Defendant violated Title VII by subjecting Plaintiff to sexual harassment. The EEOC also

17  determined that Mrs. Elia was retaliated against and terminated for opposing or protesting

18  the sexual harassment. A copy of the letter of determination is attached as **Exhibit 4** and is

19  incorporated by reference herein.

20

21

22

23         7

# FIRST CLAIM FOR RELIEF

**[Sex-Based Discrimination – 42 U.S.C. § 2000e, et seq.]**
**[Disparate Treatment and Disparate Impact]**

27.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

28.     Through the duration of Mrs. Elia's employment, Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a) by subjecting Plaintiff and other employees to substantially severe and pervasive harassment constituting a hostile work environment, on the basis of sex, by subjecting Mrs. Elia and other employees to unwelcome and subjectively and objectively offensive conduct that was sex-based and often sexual in nature.

29. Defendant discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991, by subjecting Plaintiff to adverse treatment on the basis of her sex, female.

30.     Plaintiff has suffered from both disparate treatment and disparate impact as a result of Defendant's conduct.

31.     Plaintiff was treated less favorable than male counterparts and subjected to different terms and conditions of employment, in that female employees were foreclosed from performing some job duties within the company, and Mr. Fabiano subjected female employees to offensive and disparaging comments by claiming women could not perform some job duties as well as men.

32.     Defendant encouraged sexual comments, sexual innuendo, and offensive gender-related language – such as repeated use of the word "bitch" to describe females,

8

which created a toxic work environment permeated with hostility based on sex.

33.     Plaintiff made it clear that Mr. Fabiano's conduct was unwelcome, by openly objecting to Mr. Fabiano's inappropriate and offensive conduct, and in addition, she complained to an agency accounting manager.

34.     Despite knowledge of the harassment, Defendant failed to take prompt and effective remedial action to prevent, correct, or remedy the hostile work environment.

35.     Because the individual responsible for the discriminatory conduct was the Defendant's proxy and alter ego, the Defendant is not entitled to an affirmative defense.

36.     The unlawful employment practices described herein were intentional, willful, deliberate, reckless, malicious, and conducted in callous disregard of Plaintiff, entitling her to punitive damages.

37.     The unlawful employment practices described herein deprived Mrs. Elia of equal employment opportunities and adversely affected her employment because of her sex, female.

## SECOND CLAIM FOR RELIEF

### [Retaliation]

38.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

39.     Defendant engaged in unlawful retaliatory conduct in violation of Section 704(a) of Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e-3(a) by terminating Plaintiff's employment after she opposed Mr. Fabiano's discriminatory conduct and after she complained to another management official.

40.     Defendant intentionally engaged in unlawful and retaliatory conduct with the intent of depriving Mrs. Elia of her federally protected right to oppose and complain of discriminatory conduct.

41.     The unlawful employment practices described herein were done with malice or with reckless indifference to Mrs. Elia's federally protected rights.

42.     Mrs. Elia is entitled to compensatory and punitive damages based on Defendant's unlawful retaliatory conduct.

## PRAYER FOR RELIEF

A.     Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described herein, including job search expenses and backpay in amounts to be determined at trial.

B.     Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described herein, including emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial.

C.     Order Defendant to pay Plaintiff punitive damages for its malicious or reckless indifferent conduct described herein, in amounts to be determined at trial.

D.     Grant such further relief as this Court deems necessary and proper in the public interest.

E.     Grant an award of attorney fees and costs that may be permitted under the law.

1

## **JURY TRIAL DEMANDED**

2       The Plaintiff respectfully requests a jury trial on all questions of fact raised in this

3    Complaint.

4       RESPECTFULLY SUBMITTED this 12ᵗʰ day of August, 2021.

5

6                                     **SMITH & GREEN**
                                     Attorneys at Law, P.L.L.C.

7                                      _s/ James M. Green_
                                     James M. Green

8                                     Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23                                       11